UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRAD GREENSPAN,<br><br>    Plaintiff,<br><br>v.<br><br>IAC/INTERACTIVECORP, et al.,<br><br>    Defendants. | Case No. 14-cv-04187-RMW<br><br>**ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTIONS**<br><br>Re: Dkt. Nos. 116-134, 144-146, 153 |

Judgment was entered in this case on May 15, 2015. Dkt. No. 30. Plaintiff's motion to set aside the judgment was denied on May 5, 2016. Dkt. No. 99. Plaintiff's motion to set aside the May 5, 2016 order was denied on June 9, 2016. Dkt. No. 114. Plaintiff, proceeding pro se, has filed eight motions since then:

- Motion for Sanctions, Dkt. No. 116;
- Motion to Strike and Local Rule Objection to Reply Evidence, Dkt. No. 121;
- Motion to Alter or Amend Judgment Under FRCP 59(e), Dkt. No. 124;
- FRCP 60(b)(1) Motion for Relief, Dkt. No. 127;
- FRCP 60(d)(3) Motion for Relief, Dkt. No. 131;
- Motion to Amend Complaint, Dkt. No. 133;
- Second Motion to Strike, Dkt. No. 144; and
- Motion for Administrative Relief, Dkt. No. 153.

1
14-cv-04187-RMW
ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTIONS
FC

The court heard argument on plaintiff's first seven motions on August 26, 2016. The court finds plaintiff's eight motion suitable for decision without oral argument. Plaintiff's motions are denied for the reasons set forth below.

**I.       BACKGROUND**

This case was dismissed with prejudice for failure to diligently prosecute on May 15, 2015. Dkt. No. 29. Judgment was entered on the same day. Dkt. No. 30. Plaintiff moved to set aside the judgment, and the court deferred ruling on plaintiff's motion, indicating that the court would grant relief from judgment once plaintiff 1) obtained new counsel and 2) reimbursed defendants for costs and expenses incurred as a result of the entry of judgment. Dkt. No. 66. Plaintiff obtained new counsel, but plaintiff did not reimburse defendants by the deadline, despite obtaining an extension from the court. *See* Dkt. No. 90. Accordingly, the court denied plaintiff's motion to set aside judgment on May 15, 2016. Dkt. No. 99. In the same order, the court granted plaintiff's counsel's motion to withdraw. *Id.* Plaintiff filed a notice of appeal of this court's May 15, 2016 order on May 16, 2016. Dkt. No. 108.

**II.      ANALYSIS**

Plaintiff seeks to reopen this case. At the hearing, plaintiff argued that defendants did not provide payment instructions so that plaintiff could timely reimburse defendants. Plaintiff has made no showing that defendants were remiss in responding to any request for payment instructions from plaintiff. It is not clear what prevented plaintiff from simply writing checks to the named defendants in the prescribed amounts by April 25, 2016. If plaintiff was genuinely confused about whom or how to pay, plaintiff could have requested clarification from defendants or the court at any point before the deadline.

Plaintiff also represents that he made partial payments to both defendants on April 29, 2016. *See* Dkt. Nos. 122 at 3-4. Once plaintiff identified the amount of the payment, Google was able to confirm that Mayer Brown received a payment of $7.77 on April 29, 2016. *See* Dkt. No. 139-1. IAC has no record of the $7.70 payment referenced in plaintiff's declaration. *See* Dkt. No. 137-1. Even accepting plaintiff's representations as to both payments, such payments would not

establish compliance with the court's conditions for setting aside the judgment—the payments represent only a small percentage of the amounts set for reimbursement and were not made until four days after the extended deadline. The court is not persuaded by plaintiff's argument that he was afraid that defendants would not acknowledge receipt of full payment even if he made such payments; the court would have received and considered any evidence of a timely attempt to comply with the court's conditions. The judgment entered in this case remains in place.

Plaintiff's individual motions are difficult for the court to parse, but they appear to consist primarily of arguments that are frivolous, repetitive of arguments previously made by plaintiff, and/or unrelated to the relief purportedly sought by plaintiff.[1] To the extent the court understands plaintiff's motions, they are denied as follows.

### A. Motion for Sanctions

Plaintiff seeks sanctions against both defendants, citing Federal Rule of Civil Procedure 11 and several other rules. To the extent plaintiff relies on Rule 11, the motion must be denied for failure to comply with the "safe harbor" provision of Rule 11(c)(2). A Rule 11 sanctions motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." There is no indication that plaintiff served the sanctions motions on Google or IAC at any point before filing the motion with the court. *See* Dkt. No. 138. Moreover, the court finds no basis for awarding sanctions against either defendant.

Plaintiff's motion for sanctions against Google for failure to supplement its corporate disclosure statement in accordance with Federal Rule of Civil Procedure 7.1(b) is denied. Plaintiff appears to object that Google did not use the term "parent company" in its October 8, 2015 disclosure: "Google Inc. is a wholly owned subsidiary of Alphabet Inc.; accordingly, Alphabet Inc. has more than 10% ownership of Google Inc." *See* Dkt. No. 73. Plaintiff has not identified

---

[1] Plaintiff's motions are also procedurally deficient in several respects. For example, plaintiff noticed several motions for hearing less than thirty-five days after filing, despite being reminded of Civil Local Rule 7-2 by this court. *See* Dkt. No. 114 at 1 n.1.

3
14-cv-04187-RMW
ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTIONS
FC

1    any discernable deficiency in Google's October 8, 2015 disclosure—there is no requirement that
2    Google use the word "parent" to describe Alphabet.

3    Plaintiff's motion for sanctions against IAC for failure to timely file its corporate
4    disclosure statement in accordance with Federal Rule of Civil Procedure 7.1 and Civil Local Rule
5    3-15 is also denied. In response to plaintiff's motion, IAC filed a corporate disclosure statement,
6    certifying that "there is no publicly held corporation that owns 10% or more of Defendant IAC's
7    stock." Dkt. No. 136. IAC does not dispute that its corporate disclosure statement was late. At the
8    hearing, plaintiff indicated that he believes sanctions are mandatory in this case. The court is
9    unaware of authority requiring that sanctions be imposed for failure to timely file a corporate
10   disclosure statement, and plaintiff has not identified any resulting prejudice in this case.

### B.  Motion to Strike and Local Rule Objection to Reply Evidence

Plaintiff's motion to strike parts of the declarations filed by counsel for Google on May 5, 2016 and by counsel for IAC on May 3, 2016 is denied. The motion is denied as moot because judgment has been entered and plaintiff's motion to set aside the judgment has been denied. Furthermore, Federal Rule of Civil Procedure 12(f) permits a court to strike "<u>from a pleading</u> an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added); *see also Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike."). Declarations are not pleadings under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7(a). Rule 12(f) also requires that any motion to be strike be made within 21 days after service of the pleading if a response to the pleading is not required. Plaintiff's motion was not filed within 21 days of service of either declaration.

### C.  Rule 59(e) Motion to Alter or Amend the Judgment

Plaintiff moves the court to alter or amend its June 5, 2016 Judgment. *See* Dkt. No. 124 at 2. This court did not issue any order on that date, and the only judgment in this case was entered on May 15, 2015. Interpreting plaintiff's motion as one to amend the court's June 9, 2016 order denying plaintiff's motion to set aside the judgment, plaintiff's motion is denied because (1) the

4
14-cv-04187-RMW
ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTIONS
FC

June 9, 2016 order is not a judgment and (2) plaintiff's proposed amendments to the order reference arbitration and insurance contracts, rather than the subject of the order—namely plaintiff's lack of evidence of his compliance with the court's conditions for setting aside the judgment.

### D. Rule 60(b)(1) Motion to Set Aside Order

Plaintiff's motion to set aside the court's September 18, 2015 order and vacate or modify the court's November 10, 2015 order is denied. Federal Rule of Civil Procedure 60(b)(1) permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." Plaintiff does not identify any mistake or other error in either of the court's orders—plaintiff only references an SEC report and an indemnification agreement, neither of which is relevant to the matters before this court.

### E. Rule 60(d)(3) Motion to Set Aside Order

Plaintiff's motion to set aside the court's May 5, 2016 order, June 6, 2016 order,[2] or to modify the April 1, 2016 because of "fraud on the court" is denied. Plaintiff's argument seems to be that he was prevented from reimbursing defendants in accordance with the court's order because defendants fraudulently failed to identify the parties in interest to this litigation.

This court lacks jurisdiction to amend its May 5, 2016 order while an appeal is pending. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). At the hearing, plaintiff represented that the pending appeal is actually a petition for review of an SEC whistleblower action, and that he withdrew the appeal at the time he filed his Rule 60 motions. Plaintiff filed a "Notice of Withdrawal of Rule 23F Appeal Only" on June 2, 2016, but plaintiff paid the filing fee for the appeal the next day. *See* Dkt. Nos. 110, 111.

---

[2] The court did not issue an order on June 6, 2016. The court interprets plaintiff's motion as one to set aside the court's order of June 9, 2016.

5
14-cv-04187-RMW
ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTIONS
FC

Even assuming that the court has jurisdiction, and assuming that plaintiff could show that the defendants' filings were misleading as to the names of the parties in interest, plaintiff has not alleged any facts that would affect the basis for this court's May 5, 2016, June 6, 2016, or April 1, 2016 orders. The court denied plaintiff's motion to set aside the judgment because plaintiff failed to reimburse defendants, noting that plaintiff's counsel did not request payment instructions from defendant until the last day for payment. *See* Dkt. No. 99, May 5, 2016 Order. The court denied plaintiff's motion to set aside that order because plaintiff presented no new evidence of compliance. *See* Dkt. No. 114, June 9, 2016 Order. The court granted plaintiff's only timely request for an extension of time to reimburse defendants. *See* Dkt. No. 90, April 1, 2016. Therefore, plaintiff's Rule 60(b)(2) motion is denied.

### F. Motion to Amend Complaint

Plaintiff's motion to amend the complaint is denied as moot because judgment has been entered in this case.

### G. Second Motion to Strike

In plaintiff's second motion to strike, plaintiff objects to what appears to be a typographical error in IAC's opposition brief filed on July 5, 2016—the brief is dated July 5, <u>2015</u>. As noted above, a Rule 12(f) motion to strike applies only to pleadings, and briefs are not pleadings. Moreover, plaintiff's request to strike the incorrect date from IAC's opposition brief is denied as frivolous. To the extent plaintiff incorporates his motion for sanctions against both defendants in his second motion to strike, the motion is denied for the reasons stated in section II.A above.

### H. Motion for Administrative Relief

Plaintiff moves for a contempt order "concerning miscellaneous administrative matters." Dkt. No. 153 at 2. Plaintiff alleges that defendant News Corp[3] violated a variety of procedural rules in a case pending before Judge Koh, Case No. 5:14-cv-040602-LHK. Neither plaintiff nor

---

[3] News Corp did not make an appearance in this case before judgment was entered.

News Corp is listed as a party in that case. Plaintiff also argues that "[b]oth defendants" should be held in contempt for "refusing to reply or respond to timely filed and served Delaware Motion 70b in August 2014," and that IAC "refused to appear and answer Plaintiff's Complaint" in the Delaware Court of Chancery. Dkt. No. 153 at 4-5. None of these matters are properly before this court. Plaintiff's motion is denied.

### III. CONCLUSION

For these reasons, plaintiff's motions are denied.

**IT IS SO ORDERED.**

Dated: August 31, 2016

_____
Ronald M. Whyte
United States District Judge