UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRAD GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>IAC/INTERACTIVECORP, et al.,<br><br>    Defendants. | Case No. 14-cv-04187-RMW<br><br>**ORDER GRANTING MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND GRANTING IN PART MOTIONS FOR ATTORNEYS' FEES**<br><br>Re: Dkt. Nos. 150, 151 |

Defendant Google brings this motion to declare plaintiff Brad Greenspan a vexatious litigant and seeks to recover its attorneys' fees incurred in bringing the motion. Dkt. No. 150. Defendant IAC joins Google's motion for an order declaring plaintiff a vexatious litigant and seeks to recover its attorneys' fees and costs incurred in preparing the notice of joinder, as well as attorneys' fees incurred after this court's November 10, 2015 order. Dkt. No. 151. Plaintiff did not file a written opposition to the motion. The court heard argument on September 23, 2016.

At the hearing on this motion, plaintiff's new counsel requested an opportunity to file a written opposition because of plaintiff's important interest in avoiding a vexatious litigant order. On August 26, 2016, at the hearing on several of plaintiff's motions, plaintiff represented that he had obtained new counsel and that counsel would appear that day. Plaintiff's new counsel, however, did not appear until the day before the hearing on this motion. Plaintiff does not explain

1

his failure to file a written opposition to defendants' motion, but did file another motion of his own after defendants' filing. Under these circumstances, the court finds that no extension of time to file an opposition is warranted.

For the reasons set forth below, the court grants defendants' motion to declare plaintiff a vexatious litigant and grants in part defendants' requests for attorneys' fees.

**I.      BACKGROUND**

Plaintiff is a former employee and shareholder of Intermix, Inc. Compl. ¶ 8. In 2005, Intermix sold the social media website MySpace to News Corp. *Id.* ¶¶ 15-16. Plaintiff filed this action on September 16, 2015, alleging that several defendants conspired to depress MySpace's sales price. *See id.* ¶¶ 20-30. On May 15, 2015, this case was dismissed with prejudice for failure to prosecute, and judgment was entered against plaintiff. Dkt. Nos. 29, 30. Plaintiff then filed several motions for relief. *See* Dkt. Nos. 32, 39, 47, 57, 58, 59, 60. The court denied all of plaintiff's motions except for plaintiff's motion to set aside the judgment. Dkt. No. 66.

The court deferred ruling on plaintiff's motion to set aside the judgment, stating that the court would grant plaintiff's requested relief if plaintiff 1) obtained new counsel and 2) reimbursed defendants for costs and expenses incurred as a result of the entry of judgment. *Id.* Plaintiff obtained new counsel, but plaintiff did not reimburse defendants. The court set a deadline for plaintiff to reimburse defendants and granted plaintiff's request for an extension. Dkt. Nos. 84, 90. Plaintiff did not request another extension. Accordingly, the court denied plaintiff's motion to set aside judgment on May 15, 2016. Dkt. No. 99. In the same order, the court granted plaintiff's counsel's motion to withdraw. *Id.*

Proceeding pro se, plaintiff then filed several motions. *See* Dkt. Nos. 111, 116, 121, 124, 127, 131, 132, 144. Defendants then moved to declare plaintiff vexatious. Dkt. Nos. 150, 151. Plaintiff did not file a response to defendants' motion, but did file another motion of his own. Dkt 153. All of plaintiff's motions have been denied by the court. *See* Dkt. Nos. 114, 154. New counsel for plaintiff appeared on September 22, 2016, the day before the hearing on this motion. Dkt. Nos. 156-59.

## II. MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

"Federal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'" *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (alteration in original) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). "Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), 'enjoining litigants with abusive and lengthy [litigation] histories is one such . . . restriction' that courts may impose." *Id.* (alterations in original) (quoting *De Long*, 912 F.2d at 1147). "Out of regard for the constitutional underpinnings of the right to court access, 'pre-filing orders should rarely be filed,' and only if courts comply with certain procedural and substantive requirements." *Id.* (quoting *De Long*, 912 F.2d at 1147). A district court must: (1) give the litigant "notice and an opportunity to be heard;" (2) "create an adequate record for review;" (3) make "substantive findings as to the frivolous or harassing nature of the litigant's actions;" and (4) narrowly tailor the order "to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1147-48.

### A. Notice

Plaintiff was provided adequate notice and an opportunity to be heard. Google timely served plaintiff with the instant motion. *See* Dkt. No. 150 at 13. A hearing was held on September 23, 2016. Plaintiff, therefore, was "provided with an opportunity to oppose the order before it was entered." *De Long*, 912 F.2d at 1147.

### B. Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed. At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive." *De Long v. Hennessey*, 912 F.2d at 1147 (internal citations omitted). Plaintiff has filed sixteen substantive motions since judgment was entered in this case. *See* Dkt. Nos. 32, 39, 47, 57, 58, 59, 91, 111, 116, 121, 124, 127, 131, 133, 144, 153. All of plaintiff's motions have been denied. *See* Dkt. Nos. 66, 99, 114, 154. The court also notes that plaintiff has litigated or attempted to litigate claims

arising out of the MySpace sale in several other cases: *Greenspan v. Intermix Media, Inc*, No. BC 338786, filed in the Superior Court of California, County of Los Angeles; *Brown v. Brewer*, No. 2:06-cv-03731-GHK-SH, filed in the Central District of California; *Greenspan v. News Corp.*, No. CV 9567-VCG, filed in the Delaware Court of Chancery; *In re High-Tech Employee Antitrust Litigation*, No. 5:11-CV-02509-LHK, filed in the Northern District of California; *Huthard v. News Corp.*, No. 2:13-cv-04253-MWF-AJW, filed in the Central District of California.

### C. Substantive Findings

To make a substantive finding as to the frivolousness nature of plaintiff's activities, the court must "look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *De Long*, 912 F.2d at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). Plaintiff has an extensive history of duplicative and frivolous filings.

Plaintiff did not respond to this court's order to show cause why the action should not be dismissed, resulting in entry of judgment against plaintiff. Plaintiff then proceeded to file six separate motions seeking post-judgment relief. Instead of complying with the court's conditions for setting aside the judgment, plaintiff let the already-extended deadline for payment come and go without requesting a second extension. The court, therefore, denied plaintiff's motion to set aside the judgment.

Plaintiff responded by filing a series of frivolous motions. For example, plaintiff argued that "newly discovered evidence" warranted relief from the court's order denying of his motion to set aside the judgment, but cited no new evidence related to the denial. *See* Dkt. Nos. 111, 116. Plaintiff later filed a second motion citing the same irrelevant evidence. *See* Dkt. No. 127. Plaintiff also moved to strike the date "July 5, 2015" from the opposition brief filed by IAC on July 5, 2016. *See* Dkt. No. 145. Plaintiff's "motion for administrative relief" alleged misconduct by parties in other cases. *See* Dkt. No. 153. None of plaintiff's filings included a reasonable explanation for plaintiff's failure to comply with the conditions set by the court.

Plaintiff's practice of filing of frivolous motions is not limited to this case. After his claims were dismissed in *Brown v. Brewer*, plaintiff made two unsuccessful attempts to intervene in the

case. *See* No. 2:06-cv-03731-GHK-SH, Dkt. Nos. 341 (order rejecting motion to intervene), 391 (order striking three of plaintiff's motions). The Ninth Circuit then dismissed plaintiff's appeal of the settlement in the case as untimely. *See id.*, Dkt. No. 454. Plaintiff's motion to intervene and his motion for recusal in *In re High-Tech Employee Antitrust Litigation* were denied. *See* Dkt. No. 150-1, Rubin Decl., at Ex. D. The court found the plaintiff's motions lacking in merit, but also noted that the attorney who purportedly signed the motions had informed the court that she did not file them. *See id.* In *Huthart v. News Corporation*, plaintiff filed three motions after the court denied his motion to intervene, all of which were denied. *See id.* at Ex. C. The district court found plaintiff's argument irrelevant to the challenged order. *Id.* The Delaware Court of Chancery returned a motion to plaintiff because it was filed after the case was closed. *See id.* at Ex. B. Plaintiff's filings in other cases suggest that plaintiff's pattern of filings may continue in the absence of a pre-filing order.

### D.  Narrow Tailoring

The requested pre-filing order limits plaintiff's ability to file motions in this case only. It is therefore narrowly tailored to fit the specific vice encountered by defendants—plaintiff's frivolous motions practice in this case.

## III.   MOTIONS FOR ATTORNEYS' FEES

Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court" who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 sanctions "must be supported by a finding of subjective bad faith. Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (internal citations and quotation marks omitted). Section 1927 sanctions "may be imposed on a pro se plaintiff." *See Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990).

Plaintiff's motions have undoubtedly been burdensome for defendants. Although pro se,

5
14-cv-04187-RMW
ORDER GRANTING MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT
FC

plaintiff appears to be familiar with litigation and was acting knowingly or recklessly when he filed his numerous motions. The court finds that he acted in subjective bad faith. An award of attorneys' fees is appropriate. The fees requested are at a rate that exceeds those charged for similar work in the area where defendants' counsel practice and location of the litigation. The court accepts the time records of defendants' counsel, but awards an hourly billing rate of $500 for time spent in bring this motion. Therefore, Google is awarded $15,100.00 and IAC is awarded $3,750.00.

## IV.  ORDER

The court hereby declares plaintiff Brad Greenspan to be a vexatious litigant and orders Mr. Greenspan to obtain leave of court before filing any further motions in this case. Motions that are frivolous or duplicative will be returned. Plaintiff is ordered to pay $15,100.00 to Google and $3,750.00 to IAC in attorneys' fees.

**IT IS SO ORDERED.**

Dated: September 30, 2016

_____
Ronald M. Whyte
United States District Judge